IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FREDERICK WAYNE MEARS**                                                                                          **PLAINTIFF**

v.                            Case No. 4:13-cv-00556-KGB–BD

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                                              **DEFENDANT**

## ORDER

The Court has received the Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere (Dkt. No. 12). After careful review of the Recommendation, plaintiff Frederick Wayne Mears's timely objections (Dkt. No. 13), as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects. Mr. Mears's request for relief is denied and the Commissioner's decision is affirmed.

The Court writes separately to address Mr. Mears's objections. First, Mr. Mears objects to the Recommendation's reliance on medical records showing that surgery was not necessary. He cites *Brosnahan v. Barnhart*, 336 F.3d 671 (8th Cir. 2003), for the proposition that the necessity of surgery is not an accurate measure for the existence or severity of pain. However, *Brosnahan* is not controlling under the circumstances here. In *Brosnahan*, the Eighth Circuit stated that "[t]he lack of any need for surgery is also not a reason to discredit [plaintiff]: the [American College of Rheumatology] does not recommend surgery for fibromyalgia." *Id.* at 677. Conversely, surgery may be recommended for back pain, and Mr. Mears cites no authority stating that the necessity of surgery may not be considered in determining the existence or severity of pain where surgery is a potential remedy to be prescribed. Moreover, the Recommendation did not discredit Mr. Mears's allegations based on medical records showing

that surgery was not necessary; it merely considered the medical records, along with other evidence, in finding that substantial evidence supported the ALJ's determination. *See Bowman v. Barnhart*, 310 F.3d 1080, 1084 (8th Cir. 2002) ("The ALJ also erred in discounting [plaintiff's] allegations of disabling pain because she had been treated medically, not surgically, for her impairments.").

Second, Mr. Mears objects to the Recommendation's finding that there was no reason for a psychological consultative evaluation. Mr. Mears cites to *Cox v. Apfel*, which stated that "[d]epression, diagnosed by a medical professional, is objective medical evidence of pain to the same extent as an X-ray film." 160 F.3d 1203, 1207 (8th Cir. 1998). Even so, the Recommendation found that the evidence that Mr. Mears's primary care physician ("PCP") had prescribed an anti-depressant from time to time implicated no significant mental impairment such that a consultative mental evaluation was necessary, and this Court agrees.

Third, Mr. Mears objects to the Recommendation's finding that the ALJ was not required to re-contact the PCP and that opinion evidence supported the ALJ's determination. Mr. Mears argues that the specialists do not support or fail to support the PCP's opinion that Mr. Mears could not perform sedentary work, only that Mr. Mears did not need surgery, and that the ALJ and Magistrate Judge substituted their lay opinion, based on diagnostic and clinical testing, for that of the PCP. However, the Recommendation points to other evidence supporting the ALJ's weighing of the PCP's opinion, such as its timing and inconsistency with other record evidence. For example, the PCP reported that Mr. Mears's back condition was not likely to improve due to nerve impingement, despite diagnostic imaging showing no *significant* nerve impingement. Further, the ALJ and Magistrate Judge did not merely rely on diagnostic and clinical testing to make speculative inferences regarding Mr. Mears's ability to perform sedentary work, as reports

...
...

from specialists that had actually performed physical examinations of Mr. Mears supported the ALJ's determination.

      IT IS SO ORDERED this 30th day of September, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE